# UNITED STATES DISTRICT COURT

## Federal Circuit DISTRICT OF Columbia/D.C.

ZAID HASSAN SAFARINI
**PLAINTIFF/MOVANT**

Case No.
Criminal# 91-504-03 (EGS)

V.

THE UNITED STATES OF AMERICA,
**DEFENDANT**

FILED
FEB 14 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

---

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

---

COMES NOW, ZAID HASSAN SAFARINI, Pro Se and delivers this Motion to the humble court. Movant asserts that from a legal standard. The substantive provisions of 28 U.S.C. § 2255 provide that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States. . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255 para. 1. Thus, a defendant may be entitled to § 2255 relief if his conviction or sentence violates the constitution or a federal statute. However, in order to obtain relief under 2255 on the basis of a non-constitutional-i.e., statutory or rule-error, the record must reflect a fundamental defect in the proceedings which inherently causes a miscarriage of justice or an omission inconsistent with the

rudimentary demands of fair procedure. See Reed v. Farley, 512 U.S. 339,348, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994)(Ginsburg, J); id. at 355-56(Scalia, J.); Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).

## Procedural History

ZAID HASSAN SAFARINI was sentenced on 3-10-2003 to a term of _______ months (see) Attached computation. He now, timely files, In light of ***United States V. Johnson, 135 S. Ct. 2251 (2015)***, the application of the ACCA enhancement is no longer valid. the Prior crimes used to apply the enhancement were for violation of 18 USC §1472 and 73 Hijacking no longer considered a crime of violence 18 USC 924 can no longer apply due To Johnson.

## Liberal Interpretation

Movant asks this court to construe the following, pro se, document liberally and with due consideration in accordance with Supreme Court jurisprudence ***Haines v. Kerner,404 US 591 (1972)***.

## Argument

There are two kinds of NEW RULES, substantive or procedural. Substantive rules create rights or obligations, while procedural rules enforce rights and

obligations. By Congress ruling the residual clause unconstitutional it creates a new procedural rule. A new rule interpreting a statute is always applied retroactively because the court is essentially saying what the statute has always meant from the day it was enacted. *Rivers v. Roadway Express, 511 U.S. 298, 312-313 (1994).* When the Supreme Court decides that a "substantive Federal Criminal Statute" Now would not reach certain conduct, the decision, or new rule, would have to apply retroactively because it places the defendant in a position where the punishment cannot now be applied to that defendant and never could have. See *Bousley v. U.S., 523 U.S. 614, 620 (1998).* "The ACCA (18 U.S.C. § 924(e) is a substantive criminal statute". Removing the residual clause as unconstitutional, would be a new constitutional rule, which is technically a procedural rule. Normally, new procedural rules don't raise innocence issues and are not retroactive unless they fall into some exceptions. *Schriro v. Summerlin, 542 U.S. 348, 352 (2004).*

Excising part of the ACCA as unconstitutional would fit one of these exceptions, because it would then place "persons covered by the statute beyond the [governments] power to punish." Id a 351-352. A procedural rule that falls into an exception and is retroactive is then classified as a "Substantive" rule.

**Comes now, ZAID H. SAFARINI, Movant, pro se, and requests this humble Court for review of sentence obtained with the use of Armed Career Offender/or/ Career offender enhancement.**

Recent Supreme Court ruling Johnson V. U.S., has declared the residual clause found in U.S.S.G. 4B1.1 is overly vague and unconstitutional. Therefore this new rule of law creates an opportunity for review. The Supreme Court held that an increased sentence under ACCA's residual clause violated due process rights. Pursuant to 18 U.S.C. § 924(e) there are three ways to determine if a conviction qualifies as a violent felony:

(1) The elements prong: (2) the enumerated offences; and (3) residual or "otherwise" Clause.

USSG § 2L1.2 (b)(1)(A)(ii) has a narrower definition of the "crime of violence" than 18 U.S.C. 924€. In U.S. v. Boose, 739 F.3d 1185(8th Cir. 2014), the court specifically found "Based on their nearly identical definitions, we construe violent felony under 18 U.S.C. § 924 (e)(B)(2)(b)(I) (the ACCA), and "crime of violence" or "serious drug offence." "the elements clause" means that the statute in question has an element that involves "the use, attempted use or threatened use of physical force against another person." The enumerated offences are the offences listen in the act itself: Burglary, Arson, Extortion, or crimes involving the use of explosives. The residual or "otherwise" clause is defined by statute as being other such conduct that presents a serious potential risk of physical injury to another.

The method by which a sentencing court is to determine whether the statute qualifies as a violent felony under ACCA is the source of most confusion and of conflicting case law. The first method utilized was the formal "categorical" approach set forth by the United States Supreme Court. in *Taylor v. U.S., 495 U.S. 575 (1990)*, which told the sentencing courts to look to the statutory definition or elements of the felony offence. However, in *Shepard v. United States., 544 U.S. 13 (2005)*, The United States Supreme Court Created another Mechanism, a

"Modified Categorical approach," to be used if the statute in question is over-inclusive, that is, having multiple elements, some of which may constitute a "crime of violence" and some of which may not. When the court applied a "modified categorical approach," under *Begay. U.S., 553 U.S. 137 (2008)*, The U.S. Supreme Court interpreted the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), to mean that the crime must demonstrate a defendants propensity towards purposeful, violent and aggressive conduct to be a qualifying crime. Johnson v. U.S., now renders the residual clause, unconstitutional, and a violation of Movants due process of Law rights.

The same constructive elements are used in the application of the determining Career Offenders, as the residual clause appears in 4B1.1. The Fifth Amendment provides that "[n]o person… be deprived of life, liberty, or property, without due process of law." Johnson v. U.S., establishes that the government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement . *Kolender v. Lawson, 461 U.S. 352, 357-358 (1982)*. The prohibition of vagueness in criminal statutes "Thus is well recognized requirement, consonant alike with ordinary notions of fair play and the settled rule of law," and the statute that flaunts it "violates the first essential of due process." *Connally v. General Constr. Co., 269 U.S. 385, 391, (1926).* Two features of the residual clause conspire to make it unconstitutionally vague. In the first place the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime. At the same time, the residual clause leaves uncertenty about how much risk it takes for a crime to qualify as a violent felony.

**MOVANTS PRIOR CRIMES ARE**

MOVANT was enhanced for crimes of Violence which are no longer Violent crimes Hijacking is a Divisible crime which can be committed w/or without violence - US V. Johnson now renders enhancements made in the PSP Void. Request resentence w/o enhancements

Movant requests review In light of ***United States V. Johnson, 135 S. Ct. 2251 (2015)***, the application of the ~~ACCA~~ enhancement is no longer valid. Movant also requests appointment of counsel.

Date: June-18-2016 Respectfully Submitted, ____________________

I do declare under the penalty of perjury that the above Reply motion is true and correct. 28 U.S.C. 1746.

Signature ____________________ Date June-18-2016

The Letter is Directed Filed. The Docket record should reflect the filing of one 2255 motion. 11/30/2017

Notice by Pretrial Officer — No Letter

2/13/17

Hello ms. Veronica

it was really nice to talk to you this morning. I really appreciate your help and your kindness as well,

Enclosed, please find the 22-55 motion that I have told you about. also the a copy of my Lawsuit, as you know by now this is the third time I'm sending these papers to the court though I hope this time you get!

I might try to call you again soon just to make sure that you got my papers & they are on the Docket.

Thank you again

have a nice day.

FEB - 3 2017
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Respectfully

[signature]

Zaid Safarini

Received
Mail Room
FEB - 3 2017
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia
VOID

P.S

I also have sent copies of these motions to the office of the U.S Attorney.